IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PADMAPRIYA ASHOKKUMAR, an Individual;<br><br>                Plaintiff,<br><br>   vs.<br><br>SEBASTIAN ELBAUM, Professor at the University of Nebraska-Lincoln, all in their individual and official capacities; LORIN HOCHSTEIN, Former Professor at the University of Nebraska-Lincoln, all in their individual and official capacities; STEVE GODDARD, Current Chair of the Department of Computer Science and Engineering at the University of Nebraska-Lincoln, all in their individual and official capacities; KIMBERLY ANDREWS ESPY, Former Associate Vice Chancellor for Research at the University of Nebraska-Lincoln; PREM PAUL, Vice Chancellor for Research and Dean of Graduate Studies, all in their individual and official capacities; and SCOTT HENNINGER, Former Professor at the University of Nebraska-Lincoln, all in their individual and official capacities;<br><br>              Defendants. | 4:12CV3067<br><br>MEMORANDUM AND ORDER |

INTRODUCTION

The plaintiff's complaint alleges the defendants violated her constitutional rights by terminating her post-doctorate program at the University of Nebraska because she reported research misconduct by a UNL faculty member. (Filing No. 1).

Defendant Henninger filed an answer to Plaintiff's complaint, (Filing No. 20), a motion for judgment on the pleadings, (Filing No. 21), and a motion for summary judgment, (Filing No. 22), on June 1, 2012.  The remaining defendants likewise filed an answer and dispositive motions on June 1, 2012.  (See Filing Nos. 15 & 17).

Before the plaintiff responded to any of the dispositive motions, Henninger filed a motion to strike the allegations in paragraphs 53, 54, 55 and 57 of Plaintiff's complaint, (Filing No. 34); and moved to amend his answer and to file crossclaims against defendants Espy and Paul, (Filing No. 38).[1] Henninger's motion to strike, and his motion to amend his answer and file crossclaims are pending before the undersigned magistrate judge.

### Motion to Strike Allegations
### (Filing No. 34)

Henninger argues that paragraphs 53, 54, 55 and 57 of the complaint should be stricken because they contain erroneous statements which are immaterial and scandalous. Under Rule 12(f) of the Federal Rules of Civil Procedure:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)   on its own; or
>
> (2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed.R.Civ.P 12(f).

Henninger filed his answer before he filed a Rule 12(f) motion to strike. Therefore, the motion to strike was not timely filed under Rule 12(f)(2). Henninger argues, however, that his motion should nonetheless be considered under Rule 12(f)(1). Rule 12(f)(1) allows a court, in its discretion, to consider a motion to strike even if it was filed beyond the deadline set by Rule 12(f)(2).

> The authority given the court by the rule to strike an insufficient defense on its own initiative at any time has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper. This judicial

---

[1] Henninger also filed a motion to file an amended answer and crossclaims, (Filing No. 35), and an amended motion to file an amended answer and crossclaims, (Filing No. 37). These motions were rendered moot by Henninger's second amended motion to file an amended answer and crossclaims. (Filing No. 38).

> discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some later point in the litigation.

Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380 (see also, footnotes 13 and 14, and the cases cited therein). See also Lunsford v. U.S., 570 F.2d 221, 227 n. 11 (8th Cir. 1977) (noting that even though the plaintiffs' motion to strike certain affirmative defenses alleged by the defendant was not made within the time limits established by Fed.R.Civ.P. 12(f), the District Court has authority to consider the plaintiffs' motion and strike material from the pleadings on its own initiative); Wine Markets Intern., Inc. v. Bass 177 F.R.D. 128, 133 (E.D.N.Y. 1998) (considering a motion to strike that was filed one day late, explaining the "Court is clearly given the authority, at any time, to consider a motion to strike even if made after the twenty (20) day period"); Sorensen v. Morbark Industries, Inc., 153 F.R.D. 144, 147 (N.D. Iowa 1993) (considering an untimely motion to strike affirmative defenses where both parties sought the court's consideration regarding the sufficiency of the defenses).

  Allegations 53, 54, 55, and 57 of the plaintiff's complaint recite the findings of a university Investigation Committee. These findings were unfavorable to Henninger, but as stated in Henninger's answer, the recitation of the findings as set forth in the complaint is correct; the Investigation Committee report "speaks for itself." Henninger's answer further explains that the Committee's negative findings were the product of an allegedly improper hearing process. Having considered the allegations at issue, and Henninger's response to those allegations, the court is not convinced the allegations in paragraphs 53, 54, 55, and 57 of the plaintiff's complaint will likely "cause prejudice at some later point in the litigation." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1380. Therefore, the court not exercise the authority granted under Rule 12(f)(1) to consider Henninger's untimely motion to strike. See, e.g. Culinary and Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin., Inc., 688 F.2d 1228, 1232 (9th Cir. 1982) (commenting that a "district court has authority under Rule 12(f) to strike a pleading, in whole or in part, only if a motion is made before the moving party has filed a responsive pleading, unless the court strikes the pleading on its own initiative or no responsive pleading is permitted").

Even assuming the motion to strike had been timely filed, striking a party's pleadings is "an extreme and disfavored measure," (BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007)), and accordingly, motions to strike under Fed. R. Civ. P. 12(f) are "infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). For the reasons previously discussed, the court does not find the allegations in paragraphs 53, 54, 55, and 57 of the complaint sufficiently scandalous, harmful, or prejudicial to warrant striking the allegations. Henninger's motion to strike will be denied.

Motion to File an Amended Answer and Crossclaims
(Filing No. 38)

Henninger has moved to amend his answer and to file crossclaims against defendants Espy and Paul, (Filing No. 38). Paul and Espy do not object to Henninger's motion to amend. The remaining parties have not responded to the motion, the deadline for responding has passed, and the motion is therefore deemed unopposed.

However, granting Henninger's motion to file an amended answer and crossclaims against Paul and Espy, at this time, will introduce confusion in the pleading process. Every defendant, including Henninger, moved for judgment on the pleadings and/or summary judgment before Henninger filed his motion for leave to file an amended answer. The proposed amended answer is Henninger's response to a complaint he simultaneously seeks to dismiss. And Henninger's proposed crossclaims also rely on the sufficiency of Plaintiff's complaint itself; that is, Henninger's proposed crossclaims allege that if Henninger is held liable for Plaintiff's alleged injuries as set forth in her complaint, then Henninger is entitled to recover the amount of that liability from Espy and Paul on theories of indemnification and equitable subrogation.

Although the parties do not oppose Henninger's motion, the count should first decide the defendants' pending dispositive motions before allowing Henninger to file his proposed amended answer and crossclaims because:

- If Henninger's dispositive motions are granted, he cannot be liable to the plaintiff, and has no legal basis for filing crossclaims seeking indemnification or equitable subrogation from defendants Espy and Paul; and

- If Henninger's dispositive motions are denied, but the dispositive motions filed by Espy and Paul are granted, Henninger cannot file his proposed crossclaims against Espy and Paul because they will no longer be named defendants.

For the reasons explained above, Defendant Henninger will not be permitted to file an amended answer and crossclaims against Defendants Espy and Paul until the court first determines if the plaintiff's complaint will survive the pending dispositive motions. (See Filing Nos. 15, 17, 21, & 22).

Accordingly,

IT IS ORDERED:

1) Defendant Henninger's motion to strike the allegations in Paragraphs 53, 54, 55 and 57 of Plaintiff's Complaint, (Filing No. 34), is denied.

2) Defendant Henninger's Motion to File an Amended Answer and Crossclaims against certain of the Defendants, (Filing No. 35), and his Amended Motion to File an Amended Answer and Crossclaims against certain of the Defendants, (Filing No. 37), are denied as moot.

3) Defendant Henninger's Second Amended Motion to File an Amended Answer and Crossclaims against certain of the Defendants, (Filing No. 38), is denied without prejudice to reassertion after the court rules on the defendants' pending dispositive motions, (Filing Nos. 15, 17, 21, & 22).

September 28, 2012.

BY THE COURT:

s/ Cheryl R. Zwart
Cheryl R. Zwart
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.