IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PADMAPRIYA ASHOKKUMAR,<br><br>               Plaintiff,<br><br>vs.<br><br>SEBASTIAN ELBAUM, Professor at the University of Nebraska-Lincoln, et al.,<br><br>               Defendants. | 4:12-CV-3067<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Amended Motion for Award of Attorney's Fees (filing 62) filed by one of the defendants, Scott Henninger. The plaintiff's 42 U.S.C. § 1983 claim against Henninger was dismissed by the Court in its Memorandum and Order of March 15, 2013 (filing 56), and Henninger is seeking attorney fees pursuant to, among other provisions, 42 U.S.C. § 1988.[1] The Court will deny Henninger's motion.

      The plaintiff argues, first, that Henninger's motion is premature. Filing 67 at 2-3. Section 1988(b) provides that in an action or proceeding to enforce a provision of § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." But unless a statute or court order provides otherwise (and none does in this case), a claim for attorney fees must be made by motion "filed no later than 14 days after the entry of judgment. . . ." Fed. R. Civ. P. 54(d)(2)(B)(i); *see also* Robinson v. City of Harvey, 617 F.3d 915, 916-18 (7th Cir. 2010) (applying Rule 54 to a motion for fees pursuant to § 1988). The plaintiff contends that because no "judgment" has been entered, Henninger's motion is untimely. Filing 67 at 2-3.

      The Court disagrees. Rule 54 limits a motion for attorney fees to "no later than 14 days after the entry of judgment[,]" but does not preclude such

---

[1] Henninger also refers to Neb. Rev. Stat. § 25-824, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11 as permitting a fee award. Filing 59 at 1, 7-8. The Court does not perceive a meaningful difference between those provisions and the requirements of § 1988, and does not discuss them separately.

a motion from being filed earlier.² Whether the motion is ripe, under the circumstances presented in a particular case, is a separate question. But here, all the claims against Henninger have been dismissed, and he is indisputably a "prevailing party" within the meaning of § 1988(b). The fact that the motion is "early," that is, before the clock started running against him, does not mean it is untimely. *See, Cooper v. Pentecost,* 77 F.3d 829, 832-33 (5th Cir. 1996); *Smith v. Village of Maywood,* 970 F.2d 397, 400 (7th Cir. 1992); *see also Shalala v. Schaefer,* 509 U.S. 292, 302-03 (1993).

That having been said, the Court finds Henninger's motion to be without merit. Section 1988(b) authorizes a district court to award attorney fees to a prevailing defendant only upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation. *Fox v. Vice,* 131 S. Ct. 2205, 2213 (2011). And § 1988(b) permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim. *Fox,* 131 S. Ct. at 2215. The defendant must show that the evidence provided a basis for well-supported findings that the suit is frivolous, unfounded, and vexatiously brought and pursued. *Davis v. City of Charleston,* 917 F.2d 1502, 1505 (8th Cir. 1990); *see also Dillon v. Brown Cty.*, 380 F.3d 360, 365 (8th Cir. 2004).

Henninger claims that the plaintiff brought this lawsuit, knowing that there was no basis for it, with the sole intent to harass Henninger. Filing 59 at 2. Essentially, he portrays himself as the innocent victim of the plaintiff's scheme to "punish and harass her former advisors" because she was "unwilling to do the work" to obtain a Ph.D. Filing 59 at 2.

But the Court dismissed the plaintiff's tort claims against Henninger based on the statute of limitations.³ Filing 56 at 15-19. The Court did not reach the merits of those claims. Filing 56 at 5, 14. And the best that can be said about Henninger's argument here is that it represents his interpretation of the circumstances. The plaintiff, obviously, disagrees. It is also worth noting that in its previous memorandum and order, the Court permitted the plaintiff to proceed against another defendant under § 1983 for injunctive

---

² *Williams v. Cty. of Dakota,* 687 F.3d 1064 (8th Cir. 2012), relied upon by the plaintiff, is not to the contrary. The issue in *Williams* was whether an award of attorney fees could provide a basis for certifying an order as a final judgment under Rule 54(b), and the Eighth Circuit concluded it could not. 687 F.3d at 1069. The timeliness of the attorney fees motion was not at issue in *Williams*, and if anything, *Williams* implies that attorney fees may be awarded in the absence of a final judgment—the Eighth Circuit dismissed the appeal, but did not vacate the award of fees.

³ Henninger also notes that the plaintiff's contract claim was dismissed for failure to state a claim. Filing 56 at 13-14; filing 59 at 3. But even if this claim was frivolous, the Court finds no basis in the record to assess what portion of Henninger's claimed attorney fees could be attributed solely to it. *See Fox,* 131 S. Ct. at 2215.

relief—a theory of liability that was premised entirely on that defendant's *supervisory* responsibility over other defendants, including Henninger. Filing 56 at 11. And in reaching that conclusion, the Court specifically found that the plaintiff had at least pled facts supporting a colorable claim that her constitutional rights had been violated. Filing 56 at 10. The Court, in fact, found that the plaintiff's allegations, "if proven, demonstrate that the plaintiff has been treated unfairly by at least some of these defendants." Filing 56 at 1.

In other words, at this point, the Court cannot even say that absent the statute of limitations, the plaintiff would not have *prevailed* on at least some of her claims against Henninger. That is a far cry from showing them to be frivolous or unreasonable. Had the statute of limitations not intervened, the plaintiff's claims might have proven entirely reasonable on the merits, against Henninger more than most.

Henninger also takes aim at the statute of limitations, arguing that the plaintiff's claims were obviously time-barred. Filing 59 at 2. Because the Court agreed with Henninger on the statute of limitations, he has a better argument here. But the Court still cannot say that the plaintiff's claims were frivolous. The plaintiff was unable to persuade the Court that the statute of limitations was re-accrued by a continuing tort. Filing 56 at 17-19. But that argument was not unreasonable.

In sum, the Court finds no merit to Henninger's assertions that the plaintiff's claims against him were frivolous, unreasonable, or without foundation. Henninger's motion for attorney fees will be denied.

IT IS ORDERED:

1. Henninger's Amended Motion for Award of Attorney's Fees (filing 62) is denied.

Dated this 2nd day of May, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge